STATE OF CONNECTICUT *v.* JARRELL RICHARDS
(SC 18370)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan and Vertefeuille, Js.

Argued November 30—officially released December 21, 2010

*Mary Beattie Schairer*, special public defender, for the appellant (defendant).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Charles M. Stango*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Jarrell Richards, was convicted, on a conditional plea of nolo contendere,[1] of possession of a weapon in a motor vehicle in violation of General Statutes § 29-38.[2] The defendant entered his plea following the trial court's denial of his motion to suppress evidence seized from an automobile that the defendant had been driving when it became subject to an investigatory stop by the police. The defendant appealed from his conviction to the Appellate Court, which affirmed the trial court's judgment after

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] General Statutes § 29-38 (a) provides in relevant part: "Any person who knowingly has, in any vehicle owned, operated or occupied by such person, any weapon, any pistol or revolver for which a proper permit has not been issued as provided in section 29-28 or any machine gun which has not been registered as required by section 53-202, shall be fined not more than one thousand dollars or imprisoned not more than five years or both, and the presence of any such weapon, pistol or revolver, or machine gun in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof. . . ."

determining that the investigatory stop of the automobile was justified by a reasonable and articulable suspicion of criminal activity.[3] *State* v. *Richards*, 113 Conn. App. 823, 840, 968 A.2d 920 (2009). We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly determine that the police had a reasonable and articulable suspicion to stop the defendant's car?" *State* v. *Richards*, 292 Conn. 905, 973 A.2d 107 (2009). This certified appeal followed.

The defendant claims on appeal that the Appellate Court improperly affirmed the trial court's denial of his motion to suppress. He argues that the trial court improperly found that the police had a reasonable and articulable suspicion to justify stopping his automobile on the basis of the time, location and occupancy of the automobile prior to the investigatory stop, the fact that the automobile had out-of-state plates, and the content of a brief conversation between the occupants of the automobile and a passing pedestrian that the pedestrian relayed to police who had witnessed the interaction.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

[3] See *Terry* v. *Ohio*, 392 U.S. 1, 221–22, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Pursuant to *Terry*, "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot . . . the officer may briefly stop the suspicious person and make reasonable inquiries aimed at confirming or dispelling his suspicions." (Internal quotation marks omitted.) *State* v. *Jenkins*, 298 Conn. 209, 233, 3 A.3d 806 (2010).